FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 NOV -1  P 3: 26

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH DANIEL PALMER, #224480    *
    Petitioner,
v.                                *    CIVIL ACTION NO. JKB-13-3162

THE COMMITMENT DEP'T OF           *
  DIVISION OF CORRECTIONS, et al.
    Respondents.                *
                         *****

MEMORANDUM

On October 24, 2013, the court received the instant 28 U.S.C. § 2241 petition for habeas corpus relief. Kenneth Daniel Palmer ("Palmer"), who is confined at the Maryland Reception Diagnostic & Classification Center ("MRDCC"), seeks the "retention" of good conduct credits he claims were not properly credited to him. He argues that he has been illegally confined as a result of a "mathematical error" applied against his retained diminution credits by the Commitment Department of the Maryland Division of Correction ("DOC"). ECF No. 1. He contends that his retained diminution credits were miscalculated as he was only awarded a partial credit of the 1351 days of credit he should have received. *Id.*

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973). *Dickerson v.*

*Louisiana*, 816 F.2d 220, 225 (5th Cir.1987); *Rose v. Lundy*, 455 U.S. 509 (1982). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 at 523.

An inmate in the custody of the Maryland DOC who wishes to seek the restoration of diminution credits has two possible avenues for relief. Regardless of whether he believes he is entitled to an immediate release, an inmate may seek the restoration of his or her lost credits via administrative proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq., to the warden of the institution where he is confined;

2. Appealing a denial of the request by the warden to the Commissioner;

3. Filing a complaint with the Inmate Grievance Office ("IGO");

4. Appealing a final decision of the IGO to the Circuit Court;

5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[1] and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

A review of the cause of action reveals that while Palmer may have twice filed administrative remedies at the institutional level, it is not clear whether he has fully exhausted the administrative remedy procedure process in the DOC. Further, both the petition and the state court docket (Maryland Judiciary Case indices)[2] show that no habeas corpus petition was received for filing in the state court. Thus, he has not fully exhausted his state court remedies as to his issue. His action must be dismissed for the failure to exhaust available state court remedies. *See Braden*, 410 U. S. at 490-91. A separate Order follows.

DATED this 1ST day of Nov., 2013.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

---

[1] Although at one time, this court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals of Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

[2] *See* http://www.casesearch.courts.state.md.us/inquiry.